**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Dirtt Environmental Solutions, Ltd., Dirtt Environmental Solutions, Inc. <br><br> Plaintiffs, <br><br> v. <br><br> Falkbuilt, Ltd. <br><br> Defendant. | Case No. 20-cv-4637 <br><br> Hon. Judge Steven C. Seeger <br> Hon. Magistrate Judge Gabriel A. Fuentes <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs DIRTT Environmental Solutions, Ltd. ("DIRTT Ltd.") and DIRTT Environmental Solutions, Inc. ("DIRTT Inc.") (collectively, "DIRTT") bring this first amended complaint for patent infringement against Defendant Falkbuilt, Ltd. ("Falkbuilt") and allege as follows:

## Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, Title 35 U.S.C. §§1 *et seq*.  DIRTT seeks remedies for Defendant's infringement of DIRTT's patents nos. 10,467,814 ("the '814 patent") and 10,783,284 ("the '284 patent") or "the Asserted Patents") (Exhibits A and L, respectively).

## Parties

2.      Plaintiff DIRTT Ltd. is a Canadian company with its headquarters and principal place of business located in Calgary, Alberta, Canada.  DIRTT Ltd. is the parent company of DIRTT Inc.

55370011;3

3.      Plaintiff DIRTT Inc. is a Colorado company with a significant business presence in Chicago, Illinois, where it also has an office and Green Learning Center which includes extensive display space.

4.      Defendant Falkbuilt Ltd. is a Canadian company with its principal place of business in Calgary, Alberta, Canada.

5.      Falkbuilt was founded by former DIRTT employees in 2018, including former DIRTT CEO, Mogens Smed, and former DIRTT VP of Software Development, Barrie Loberg.

6.      Falkbuilt has at least 36 branches in cities throughout the United States, including in Chicago, Illinois.

7.      The formation of Falkbuilt relied upon the misappropriation of significant DIRTT trade secrets and intellectual property, as well as the recruitment of former DIRTT employees in violation of non-solicitation agreements by the founders of Falkbuilt.

8.      Despite being a Canadian entity, Falkbuilt has extensive, continuous, and systematic connections with the United States and Illinois in particular.  Among its 36 branches in the United States, numerous employees affiliated with those branches represent themselves to be "Principals" of Falkbuilt Ltd.

## Jurisdiction and Venue

9.      This action arises under the Patent Act, 35 U.S.C. §§1 et seq.

10.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§1331 and 1338(a).

11.     This Court has personal jurisdiction over defendant Falkbuilt because it (a) holds itself out as maintaining a place of business and continuing presence in this Judicial District such that it has availed itself of the rights, benefits, and privileges of Illinois's laws; (b) has purposefully

55370011;3

directed its activities at residents and corporate entities within the state of Illinois and the claims set forth herein as to Falkbuilt arise out of or relate to those activities (c) has committed and/or induced acts of infringement in this Judicial District, and (d) it is reasonable and fair for this Court to exercise personal jurisdiction over Falkbuilt.

12.     Falkbuilt has not contested jurisdiction in this case (Answer, Dkt. 22, ¶9).

13.     Falkbuilt has shown that it has utilized the accused Echo Dome system / method in Chicago through its promotional videos.  (Exhibit B).

14.     Additionally, the Court has jurisdiction based on Falkbuilt's continuous and systematic contacts with the forum state of Illinois, including but not limited to (a) solicitation of customers and completion of construction projects in the forum state, (b) the existence of a branch in Chicago with two individuals held out by Falkbuilt and the individuals as "Principal" or "Associate Principal" of Falkbuilt Ltd.

15.     Falkbuilt holds or has held itself out on its website as having a branch location at 1240 N.  Ashland, #221269, Chicago, Illinois, where it lists Kristen Eboh as the contact. (Exhibit C).

16.     Eboh and Lindsey Hartsock both have represented themselves on LinkedIn as "Principals" of Falkbuilt Ltd. at the Falkbuilt Chicago office.  (Exhibit D).

17.     Falkbuilt has completed and/or pitched numerous projects in Chicago, has utilized the infringing technology on at least one occasion in this Judicial District, and has committed acts of indirect infringement in this Judicial District.

18.     Falkbuilt directs its infringing product and system to consumers in the U.S. and in Illinois via the "Echo Dome" app available via the Apple App Store on iPhones and iPads. Falkbuilt lists "Falkbuilt Ltd." as the seller of the app and "Falkbuilt" as the developer.

3

55370011;3

19.     This Court alternatively has personal jurisdiction over Falkbuilt pursuant to (a) Fed. R. Civ. P. 4(k)(1); and/or (b) Fed. R. Civ. P. 4(k)(2).

20.     Venue is proper in this Judicial District under 28 U.S.C. §§1391 and 1440 because Falkbuilt resides in this district for purposes of §1391(c)(2), has committed acts of infringement in this Judicial District, and is subject to specific personal jurisdiction in this Judicial District.

## The Asserted Patents

21.     U.S. Patent No. 10,467,814 entitled, "Mixed-Reality Architectural Design Environment" ("the '814 Patent"), was duly and legally issued by the United States Patent and Trademark Office on November 5, 2019.

22.     U.S. Patent No. 10,783,284 entitled, "Virtual Reality Immersion With an Architectural Design Software Application" ("the '284 patent"), was duly and legally issued by the United States Patent and Trademark office September 22, 2020.

23.     The '814 Patent is currently in force and no maintenance fees are owed.

24.     The '284 Patent is currently in force and no maintenance fees are owed.

25.     DIRTT Ltd. is the owner by assignment of all right, title and interest to enforce the '814 Patent and the '284 Patent.

26.     DIRTT Inc. is the exclusive licensee in the United States to the '814 Patent and the '284 Patent.

27.     The '814 Patent includes 20 claims, including 3 independent claims.

28.     The '284 Patent includes 20 claims including 3 independent claims.

29.     Loberg executed the combined declaration and assignment at Exhibit J.

30.     Loberg executed the assignment nunc pro tunc at Exhibit K.

55370011;3

31.     Objective indicia of non-obviousness support the validity of the Asserted Patents. For example, Falkbuilt copied a commercial embodiment of the claims, commercial embodiments of the claims are commercially successful, the claimed invention met a long-felt but unmet need in the technology space, others failed to solve the long-felt need addressed by the invention, the claimed invention exhibits unexpected superiority, experts initially expressed skepticism of the claimed invention, others taught away from the claimed invention, and the claimed invention has been praised by others.

<strong><u>Infringement of the Asserted Patents</u></strong>

32.     Defendant has infringed and is continuing to infringe the '814 Patent.

33.     Defendant has directly infringed and continues to infringe, both literally and under the doctrine of equivalents, at least claims 1, 2, 3, 4, 5, 6, 7, 10, 11, 12, 13, 14, 15, 16, 19 and 20 of the '814 Patent.

34.     Defendant has infringed and is continuing to infringe the '284 Patent.

35.     Defendant has directly infringed and continues to infringe, both literally and under the doctrine of equivalents, at least claims 1, 5, 8, 11, 12, and 15 of the '284 Patent.

36.     Defendant infringes claims 1 2, 3, 4, 5, 6, 7, 19, and 20 of the '814 Patent by at least the manufacture, sale, offer for sale, and/or importation of an infringing system without authorization from DIRTT, including but not limited to Defendant's "Echo Dome" system, shown in the video linked at Exhibit B.

37.     Defendant infringes claim 10, 11, 12, 13, 14, 15 and 16 of the '814 Patent by at least the performance and/or use of the infringing method in the United States without authorization from DIRTT, including but not limited to use of Defendant's "Echo Dome" system, shown in the video linked at Exhibit B.

5

55370011;3

38.     A blog entry by Falkbuilt describing Echo Dome is attached at Exhibit I.

39.     Defendant infringes claims 1, 5, and 15 of the '284 patent by at least the manufacture, sale, offer for sale, and/or importation of an infringing system without authorization from DIRTT, including but not limited to Defendant's "Echo Dome" system, shown in the video referenced at Exhibit B.

40.     Defendant infringes claim 8, 11, and 12 of the '284 Patent by at least the performance and/or use of the infringing method in the United States without authorization from DIRTT, including but not limited to use of Defendant's "Echo Dome" system, shown in the video referenced at Exhibit B and referenced in the blog entry at Exhibit I.

41.     Falkbuilt represents that the accused Echo Dome system / method "presents an incredible opportunity for Falk and other Revit users to explore their designs and make informed design decisions in real time, while simultaneously experiencing the power of virtual collaboration among multiple users at the exact same time."  (Exhibit E).

42.     The description of "Echo Dome" is substantially similar to DIRTT's proprietary system, "ICE."

43.     Before departing DIRTT to launch Falkbuilt, one of the inventors of the '814 patent was quoted as follows: "From separate physical locations, an architect, designer and client can meet inside a space that doesn't even exist yet," says Barrie Loberg, DIRTT co-founder and creator of ICE technology. "They can make changes and see the impact of those changes instantly in the design, pricing and even the manufacturing data. This live, interactive experience can bring efficiencies to every phase of construction by improving how we understand, plan and ultimately build spaces."  (Exhibit F)

55370011;3

44.     At Exhibit I, Falkbuilt states: "One of Echo Dome's many incredible features is the ability to teleport from spaces within a project and between different projects or locations. Start the meeting in the soon-to-be LA office and teleport instantly to the office in New York City."

45.     Just as DIRTT uses ICE, Falkbuilt uses or promotes the accused Echo Dome system / method in conjunction with its projects.

46.     A chart exemplifying the infringement of the independent claims of the Asserted Patents is attached as Exhibit G.

47.     Defendant has also induced and continues to induce others to infringe the Asserted Patents, literally and under the doctrine of equivalents.  For example, Defendant has induced and is inducing customers to utilize the infringing system and method to drive sales for Defendant. Accordingly, direct infringers include Falkbuilt's partners and customers and others offered Echo Dome demos.

48.     Defendant is liable for contributory infringement based on its offers to sell or sales within the United States of the Echo Dome app, which constitutes a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the Asserted Patents, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

49.     Defendant is aware of the Asserted Patents because Loberg is an inventor of each of the Asserted Patents.  Additionally, Defendant is aware the Asserted Patents and Defendant's infringement least as of the date of service of the original Complaint as to the '814 Patent and this First Amended Complaint as to the '284 patent.

50.     Loberg holds a leadership role at Falkbuilt.

7

55370011;3

51.     Falkbuilt was formed to compete with DIRTT.

52.     Loberg is one of only two founders featured on the Falkbuilt website.  (Exhibit H).

53.     Loberg holds an ownership stake in Falkbuilt Ltd.

54.     Concurrent with or soon after its founding by Loberg and others, Falkbuilt began efforts to develop the Echo Dome system.

55.      Loberg was, and continues to be, significantly involved in Echo Dome, including in an authoritative decision-making capacity.

### Count I: Infringement of the '814 Patent

56.     Paragraphs 1-55 are incorporated as if set forth at length herein.

57.     Defendant has infringed, and continue to infringe, by making, using, offering to sell, selling and/or importing products that infringe one or more claims of the '814 Patent and/or by actively inducing the infringement of others (including users of the infringing system and method), and/or by contributing to infringement in violation of 35 U.S.C. § 271(a), (b), and (c).

58.     DIRTT is entitled to recover damages adequate to compensate for Defendant's infringement. Furthermore, Defendant's infringement of the '814 Patent is willful and deliberate, entitling DIRTT to a recovery of its attorneys' fees and enhanced damages under 35 U.S.C. §§284 and 285.

59.     DIRTT has no adequate remedy at law for Defendant's infringement of the '814 Patent and is suffering irreparable harm, requiring permanent injunctive relief.

### Count II: Infringement of the '284 Patent

60.     Paragraphs 1-59 are incorporated as if set forth at length herein.

61.     Defendant has infringed, and continue to infringe, by making, using, offering to sell, selling and/or importing products that infringe one or more claims of the '284 Patent and/or

55370011;3

by actively inducing the infringement of others (including users of the infringing system and method), and/or by contributing to infringement in violation of 35 U.S.C. § 271(a), (b), and (c).

62.     DIRTT is entitled to recover damages adequate to compensate for Defendant's infringement. Furthermore, Defendant's infringement of the '284 Patent is willful and deliberate, entitling DIRTT to a recovery of its attorneys' fees and enhanced damages under 35 U.S.C. §§284 and 285.

63.     DIRTT has no adequate remedy at law for Defendant's infringement of the '284 Patent and is suffering irreparable harm, requiring permanent injunctive relief.

## Request for Relief

WHEREFORE, DIRTT respectfully requests the following relief:

A.  A judgment that the '814 and '284 Patents are valid and enforceable;

B.  A judgment that Defendant has directly infringed one or more claims of the Asserted Patents, or have induced and/or contributed to such infringement, pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

C.  An order permanently enjoining Defendant and its respective affiliates, subsidiaries, officers, agents, servants, directors, representatives, licensees, successors, assigns, employees, attorneys, and all those acting in concert, privity, or participation with any of the foregoing, from infringing, directly or indirectly, the Asserted Patents;

D.  A judgment that awards DIRTT all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Asserted Patents, up until the date such judgment is entered, including enhanced damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the Asserted Patents, as well as any pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C.

9

§ 284 and, if necessary, to adequately compensate DIRTT for Defendant's infringement, an accounting:

E.  That this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that DIRTT be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

F.  That DIRTT be awarded costs and expenses that it incurs in prosecuting this action; and

G.  That DIRTT be awarded such further relief at law or in equity as the Court deems just and proper.

## Demand for Jury Trial

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, DIRTT respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated this 13th day of November, 2020

DIRTT ENVIRONMENTAL SOLUTIONS LTD. and DIRTT ENVIRONMENTAL SOLUTIONS, INC.

By:/s/Timothy Sendek
One of their Attorneys

Timothy Sendek
Robyn Bowland
Akerman LLP
71 S. Wacker Drive, 47th Floor
Chicago, Illinois 60606
Tim.Sendek@akerman.com
Robyn.Bowland@akerman.com
*Attorneys for Plaintiffs*

55370011;3