UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRTT Environmental Solutions, Ltd., and <br><br> DIRTT Environmental Solutions, Inc., <br><br> v. <br><br> Falkbuilt, Ltd., | Case No. 20-cv-4637 <br><br> Hon. Steven C. Seeger <br> Hon. Magistrate Judge Gabriel A. Fuentes |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL
AND FOR PROTECTIVE ORDER**

i

**TABLE OF CONTENTS**

| | | |
|---|---|---:|
| I. | INTRODUCTION ................................................................................................. | 1 |
| II. | BACKGROUND ................................................................................................... | 1 |
| III. | DEFENDANT'S FAILURE TO COMPLY WITH LOCAL PATENT RULE 2.1 ............. | 4 |
| IV. | DIRTT'S MOTION FOR A PROTECTIVE ORDER THAT ALLOWS FOR REMOTE ACCESS REVIEW OF SOURCE CODE ............................................................... | 6 |
| V. | CONCLUSION ..................................................................................................... | 7 |

I.      **INTRODUCTION**

Plaintiffs DIRTT Environmental Services, Ltd. and DIRTT Environmental Services, Inc. ("DIRTT" or "Plaintiffs") seek to compel Defendant Falkbuilt Ltd. ("Falkbuilt" or "Defendant") to comply with its obligations under the Initial Disclosure requirements of the Local Patent Rules ("LPR") for the U.S. District Court for the Northern District of Illinois. This is Plaintiffs' renewed motion seeking an order to compel production of the sought-after discovery. *See* Dkt. No. 26 (Plaintiffs' original Motion to Compel). Following the Court's denial of that motion without prejudice, Plaintiffs' redoubled their efforts to find a way to obtain the basic information provided by LPR 2.1—that is, production of documents providing a basic understanding of the Accused Product ("documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement"). LPR 2.1. Plaintiffs have sought and engaged in numerous teleconferences with counsel for Defendant, waited patiently when Defendant's counsel claimed to be unavailable or claimed the need to consult further with his client, and exchanged countless emails, and are still left without the first basic step in discovery provided by the Local Patent Rules. It is clear at this point that the sought-after discovery will never arrive without the Court's assistance. It is also clear that evasive discovery responses will continue unless addressed by the Court.

II.      **BACKGROUND**

DIRTT filed its original Complaint alleging Falkbuilt's Echo Dome system infringes U.S. Pat. No. 10,467,814 ("the '814 patent") on August 6, 2020. Dkt. No. 1. DIRTT filed its First Amended Complaint, which alleges that Falkbuilt's Echo Dome system infringes both the '814 patent and U.S. Pat. No. 10,783,284 ("the '284 patent") (together "the Asserted Patents"), on November 13, 2020.

Falkbuilt served its Initial Disclosures under the Local Patent Rules for the '814 patent on Nov. 6, 2020 and the '284 patent on Dec. 11, 2020. Ex. A, '814 Initial Disclosures; Ex. B, '284

Initial Disclosures. While Falkbuilt promptly served several thousand pages of documents supporting its invalidity allegations, Falkbuilt did not produce any documents, whether "sufficient to show the operation and construction of all aspects or elements" of the Echo Dome system or otherwise, with its Initial Disclosures. Instead, Falkbuilt indicated it would make certain, unspecified, source code "related to" the Echo Dome app (and, DIRTT would eventually learn, only the app) available for inspection only after DIRTT agreed to a Stipulation Regarding Inspection of Source code that only allowed for in-person review. Ex. A, '814 Initial Disclosures; Ex. B, '284 Initial Disclosures; Ex. C, Email Summaries of Meet and Confers.

DIRTT objected to (1) the attempt to substitute source code instead of conventional documents describing the operation and construction of Falkbuilt's system, (2) an inspection procedure that did not allow its out-of-town experts to review the source code due to travel restrictions in place due to the COVID-19 pandemic, and (3) the improper conditioning of review of materials allegedly provided under LPR 2.1 on provisions beyond the default Protective Order in place via operation of the Local Patent Rules. Ex. C, Email Summaries of Meet and Confers. As noted by DIRTT at every turn, the Local Patent Rules specifically prohibit conditioning making initial disclosures on a desire for a more restrictive protective order. *Id*. The only purported compromise offered by counsel for Falkbuilt on the requirement for in-person review was that counsel for Falkbuilt would personally travel with the source code laptops to the location of DIRTT's experts. *Id*. This was unworkable for several reasons. First, it fails to take into account any quarantine requirements in the states where DIRTT's experts are located. Additionally, it still requires physical contact between Falkbuilt's attorney and DIRTT's experts. And finally, it would place DIRTT at the mercy of Falkbuilt's counsel and his schedule. *Id.* Additionally, DIRTT objected that inspection of the source code would not meet Falkbuilt's LPR 2.1 requirements. *Id*. After the Court denied DIRTT's previous motion to compel on this issue without prejudice and required DIRTT to continue to meet and confer with Falkbuilt regarding this issue, the parties met and conferred five (5) additional times on this issue. During the parties' discussions DIRTT repeatedly asked Falkbuilt for information regarding the source code it was allegedly providing as

2

well as the availability of alternative documents or information that might meet Falkbuilt's LPR 2.1 requirements. For example, DIRTT requested that Falkbuilt facilitate an inspection of the application itself (something that cannot be done without Falkbuilt's assistance because the application requires a meeting code). *Id*. Falkbuilt refused this request. Indeed, Falkbuilt continues to refuse to provide anything beyond offer an inspection of source code. *Id*. As discussed above, and as argued by DIRTT since Falkbuilt first offered inspection of source code, the source code allegedly provided by Falkbuilt is not "sufficient to show the operation and construction of all aspects or elements" of the Echo Dome system because raw source code does not provide a reviewer the operation of the application itself.

The parties met and conferred regarding Falkbuilt's failure to comply with LPR 2.1 and the need for a Protective Order governing source code review that allows for remote inspections on November 10, 2020;[1] December 3, 2020; December 10, 2020; December 17, 2020; January 25, 2021; and February 1, 2021. During this time, DIRTT identified, at its own expense (an additional expense to its previously identified out-of-town experts), Chicago area source code consultants who could inspect the source code offered for inspection by Falkbuilt to at least determine the basic understanding of what was being provided—something Falkbuilt's counsel would not divulge in meet and confers. These consultants determined that the source code offered for inspection by Falkbuilt did not show "all aspects or elements" of the Echo Dome system because the source code offered for inspection calls or otherwise communicates with additional software or source code that was not made available. In order to do this basic review, Falkbuilt insisted that DIRTT sign a Stipulation allowing only in person review of the source code with the agreement that they would continue to work toward a Protective Order that would allow for remote inspections. Ex. C, Email Summaries of Meet and Confers. DIRTT also included Document Requests seeking information on the operation and construction of the Echo Dome system in their

---

[1] The parties' November 10, 2020 meet and confer was discussed in DIRTT's first motion to compel on this issue.

3

First Set of Document Requests served on December 21, 2020. Despite agreeing to produce at least some documents responsive to these requests, as of the date of this motion Falkbuilt has produced no such documents.

### III. DEFENDANT'S FAILURE TO COMPLY WITH LOCAL PATENT RULE 2.1

Local Patent Rule 2.1(b)(1) states "[a] party opposing a claim of patent infringement shall produce or make available . . . for inspection and copying, along with its Initial Disclosures (1) documents sufficient to show the operation and construction of all aspects or elements of each accused apparatus, product, device, component, process, method or other instrumentality identified with specificity in the pleading of the party asserting patent infringement." LPR 2.1(b)(1). DIRTT, the party asserting patent infringement in this matter, identified Falkbuilt's "'Echo Dome system" as the infringing apparatus, product, device, component, process, method or other instrumentality for both the '814 and '284 patents. Dkt. No. 25 at ¶¶ 36-40. DIRTT also provided a link to a video describing the Echo Dome system's operation and articles from Falkbuilt itself describing the Echo Dome system as Exhibits to the Amended Complaint. Dkt. No. 25 at Exs. B, E, & H. Thus, Falkbuilt was required, pursuant to LPR 2.1, to produce or make available documents sufficient to show the operation and construction of all aspects of the Echo Dome system. It has failed to do so.

To date, Falkbuilt has only made the source code for the application portion of the Echo Dome system available for inspection to DIRT, rather than producing any documents that describe the operation and construction of the Echo Dome system.[2] *See* Exs. A & B, Falkbuilt Initial Disclosures; Ex. C, Email Summaries of Meet and Confers. However, even the source code

---

[2] Notably, Falkbuilt has continued to condition DIRTT's review of this source code on an impractical and prejudicial in-person only review of the source code. However, even if DIRTT had the ability to allow its preferred experts to review the source code provided by Falkbuilt remotely, the inspection of that source code would not fulfill the requirements of LPR 2.1. However, the issue of appropriate means of source code inspection remains relevant because it has been exhaustively addressed by the parties and is the subject of Rule 34 discovery requests regarding which the parties are currently conferring.

4

provided was only for the app or client-side part of the Echo Dome system. As shown in the video in Plaintiff's complaint, the app is only part of the system. Moreover, source code is not a reasonable way to ascertain the functionality of the system. It would be far more reasonable for Falkbuilt to produce internal *documents*, (as the rule contemplates) that describe the construction and functionality of the Echo Dome system. Without the ability to see the system in operation (a request also made by DIRTT which Falkbuilt refused) source code alone does not "describe the construction and functionality" of the Echo Dome system.

Thus, Falkbuilt has not made **all** of the aspects or elements of the Echo Dome system are available for inspection. Moreover, inspection of source code, even all of the source code used by the Echo Dome system, is not likely to meet Falkbuilt's LPR 2.1 disclosures because raw source code, in and of itself, does not allow for an inspector to determine the operation of software or an application. During the parties' meet and confers regarding this issue, Falkbuilt has consistently attempted to shift the burden in identifying documents in its care, custody, or control that would meet the requirements of LPR 2.1 to DIRTT by insisting that DIRTT identify those documents with specificity. Ex. C, Email Summaries of Meet and Confers. However, LPR 2.1 does not require the Plaintiff to identify for the Defendant what documents would meet the Defendant's LPR 2.1 requirements—indeed, such a requirement would be unworkable and likely impossible, because the documents are, by definition, not known to Plaintiff.

The parties have met and conferred by telephone regarding this issue six (6) separate times in the past few months. Ex. C, Email Summaries of Meet and Confers. Falkbuilt has refused to supplement its Initial Disclosures to meet its LPR 2.1 requirements and continues to only offer inspection of the Echo Dome application source code. *Id*. Falkbuilt's insistence that DIRTT identify documents for it to produce or make available for inspection is unreasonable, prejudicial, and not contemplated by the Local Patent Rules. Based on its previous efforts, and Falkbuilt's failure to address DIRTT's concerns at all, DIRTT submits that additional efforts to meet and confer on this issue will be futile. DIRTT therefore respectfully requests that this Court order

Falkbuilt to produce documents sufficient to who the operation and construction of all aspects or elements of the Echo Dome system, as described in DIRTT's Amended Complaint.

## IV. DIRTT'S MOTION FOR A PROTECTIVE ORDER THAT ALLOWS FOR REMOTE ACCESS REVIEW OF SOURCE CODE

DIRTT also requests the Court enter the attached Protective Order Regarding Review of Source Code that allows for remote access to review source code in this matter. Ex. D, Proposed Protective Order. After at least six meet and confers regarding this topic, the parties have failed to make any progress. Indeed, Falkbuilt has uniformly refused to accept, provide revisions to, or provide a separate proposed Protective Order regarding review of source code. Ex. C, Email Summaries of Meet and Confers. Although Falkbuilt claims its refusal is due to "security concerns," it refuses to delineate those concerns or provide a suggested Protective Order that would address those concerns. Instead, it insists DIRTT must provide a proposed Protective Order that addresses its ambiguous, unspecified security concerns. Although DIRTT was able to inform the Court that the parties' discussions on this issue were productive on December 3, 2020, absolutely no progress has been made since that time despite five (5) meet and confers regarding the issue. Ex. C, Email Summaries of Meet and Confers; Dkt. No. 37.

Indeed, due to the utter failure of any progress on this issue (despite the Court's acknowledgement that an in-person only review of source code was likely untenable in global pandemic), DIRTT agreed to sign an interim stipulation allowing only in-person only review of the source code in order to at least obtain some information regarding the Accused Product from Falkbuilt, with the agreement of Falkbuilt that, despite signing the Stipulation, the parties would continue to negotiate toward a Protective Order that allowed for remote source code inspection.[3] Ex. C, Email Summaries of Meet and Confers. However, DIRTT had to make considerable and otherwise unnecessary efforts to locate consultants in the Chicago area who had the expertise to review source code, availability to conduct the review, and the willingness to sit in an enclosed

---

[3] As discussed above, Falkbuilt has not made available information sufficient to show the operation and construction of the Echo Dome system accused of infringement.

space for an extended period of time. Although DIRTT was able to locate two consultants who met these requirements, it is prejudicial to DIRTT to not allow it to use the consultants and experts of its choice, particularly where they would otherwise be eligible to provide their expertise to DIRTT absent the pandemic. Indeed, although the Chicago area consultants are qualified to review source code, DIRTT would prefer to use other consultants and/or experts it has already identified outside of the Chicago area who have a greater level of experience with virtual reality systems.

DIRTT is and will continue to be prejudiced by Falkbuilt's refusal to even consider a remote access protocol, particularly in light of Falkbuilt's failure to follow-through on its previous agreement to do so. DIRTT respectfully requests that the Court enter the Protective Order Regarding Review of Source Code that allows for remote review of the source code and that will take the place of the parties' interim Stipulation.

## V. CONCLUSION

For the foregoing reasons, DIRTT respectfully requests that the Court (1) compel Falkbuilt to comply with its LPR 2.1 requirements and (2) enter DIRTT's proposed Protective Order Regarding Review of Source Code.

March 5, 2021                                                          Respectfully Submitted,

By: /s/Rubén Castillo

*Attorneys for Plaintiffs*

Rubén Castillo
Timothy K. Sendek
Robyn M. Bowland
Akerman LLP
71 S. Wacker Drive, 47th Floor
(312) 634-5700
ruben.castillo@akerman.com
tim.sendek@akerman.com
robyn.bowland@akerman.com

7