**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DIRTT Environmental Solutions, Ltd., and  )
 )
DIRTT Environmental Solutions, Inc.,     )
 )     Case No. 20-cv-4637
 )
       v.                   )     Hon. Steven C. Seeger
 )     Hon. Magistrate Judge Gabriel A. Fuentes
Falkbuilt, Ltd.,                 )
 )


**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL
AND FOR ENTRY OF SCHEDULING ORDER**

## TABLE OF CONTENTS

I.     INTRODUCTION ...........................................................................................................1

II.    BACKGROUND ...........................................................................................................1

A.    Falkbuilt's Deficient Discovery Responses..........................................................................1

B.    Rule 26(f) Conference and Report......................................................................................3

III.   THE COURT SHOULD COMPEL FALKBUILT TO SUPPLEMENT ITS DEFICIENT DISCOVERY RESPONSES AND PRODUCE THE DOCUMENTS IT AGREED TO PRODUCE...........................................................................................................4

A.    Falkbuilt's Incomplete Answers to Interrogatory Nos. 1, 2, 8, and 11. ..............................5

B.    Falkbuilt's Improper Objections to Producing Documents Responsive to Request for Production Nos. 2, 8, 11, 22, 24, 31, and 32.......................................................................7

C.    Falkbuilt's Improper Delay in Producing Documents Responsive to Request Nos. 6, 7, 9, 14, 15, 16, 21, and 23........................................................................................................10

IV.   DIRTT'S MOTION FOR ENTRY OF A RULE 26(F) REPORT AND CASE SCHEDULE.........................................................................................................10

V.    CONCLUSION.........................................................................................................12

## I.     INTRODUCTION

Plaintiffs DIRTT Environmental Services, Ltd. and DIRTT Environmental Services, Inc. ("DIRTT" or "Plaintiffs") bring this motion in an effort to bring Defendant Falkbuilt Ltd. ("Falkbuilt" or "Defendant") into compliance with the Federal Rules of Civil Procedure.  This is a patent case stemming from a group of employees leaving one company (DIRTT) and starting another (Falkbuilt) using the same intellectual property that had proven successful at DIRTT.  The companies both design and build interiors for, *e.g.*, offices, hospitals, and schools.  At issue here is technology that enables customers for DIRTT and Falkbuilt's products to design, review, and revise interiors.  Both parties promote the availability of such technology to drive sales and win business opportunities.

The patents at issue in this case were invented by DIRTT employees, including Barry Loberg, a founder of Falkbuilt.  Loberg and the other DIRTT inventors made statements to DIRTT and to the U.S. Patent Office that the technology in question was new, useful, and wasn't obvious. Now that he wishes to compete with DIRTT under the banner of a new company, Loberg and Falkbuilt have changed their views about the patents asserted in this case.

## II.    BACKGROUND

DIRTT filed its original Complaint alleging Falkbuilt's Echo Dome system infringes U.S. Pat. No. 10,467,814 ("the '814 patent") on August 6, 2020.  Dkt. No. 1.  DIRTT filed its First Amended Complaint, which alleges that Falkbuilt's Echo Dome system infringes both the '814 patent and U.S. Pat. No. 10,783,284 ("the '284 patent") (together "the Asserted Patents"), on November 13, 2020.  Dkt. No. 25.

### A.     Falkbuilt's Deficient Discovery Responses

The parties served their Initial Disclosures under the Local Patent Rules for the '814 patent on Nov. 6, 2020 and the '284 patent on Dec. 11, 2020.  Dkt. No. 48 at pp. 1-2; Ex. A; Ex. B.  Thus, pursuant to Local Patent Rule ("LPR") 1.3, fact discovery opened on Dec. 11, 2020.  DIRTT served Plaintiffs' First Set of Requests for Production of Documents and Things to Falkbuilt, Ltd. (Nos.

1-33) and Plaintiffs' First Set of Interrogatories to Falkbuilt, Ltd. (Nos. 1-11) (together "DIRTT's Discovery Requests") on Dec. 21, 2020. Ex. A; Ex. B. Falkbuilt has not served written discovery requests in this case.

Falkbuilt initially took the position that discovery was not open and did not serve Defendant Falkbuilt Ltd.'s Objections and Responses to Plaintiffs' December 21, 2020, Requests for Production and Defendant Falkbuilt Ltd.'s Objections and Responses to Plaintiffs' December 21, 2020, Interrogatories (together "Falkbuilt's Responses") to DIRTT's Discovery Requests until February 22, 2021. Ex. C; Ex. D; Ex. E, Email from Bowland dated Feb. 3, 2021.

Falkbuilt's Responses were deficient in almost all respects. First, despite agreeing to do so in response to several of DIRTT's requests for production, including Request Nos. 6, 7, 9, 14, 15, 16, 21, and 23, Falkbuilt did not produce, and as of today's date has not produced, any additional documents[1] responsive to those documents. Ex. F, Correspondence from Sendek dated Mar. 2, 2021; Ex. G, Email from Bowland dated Mar. 23, 2021. Additionally, Falkbuilt refused, and continues to refuse, to provide substantive and/or complete answers to Interrogatory Nos. 1, 2, 8, and 11. *Id.* Falkbuilt's Responses to Request for Production Nos. 2, 8, 11, 22, 24, 31, and 32 also improperly refused to produce documents within Falkbuilt's care, custody, or control.[2] *Id.* DIRTT sent a letter to Falkbuilt enumerating these deficiencies on March 2, 2021. Ex. F. Falkbuilt did not respond to this correspondence.

The parties held meet and confers regarding Falkbuilt's Responses on March 22, 2021 and May 10, 2021. Ex. G. Before each meet and confer, Falkbuilt refused to participate until DIRTT threatened to file a motion with the Court which would note that Falkbuilt would not participate

---

[1] Falkbuilt's document production to date comprises alleged prior art and the deficient source code production at issue in DIRTT's pending motion to compel (Dkt. No. 47).

[2] Request for Production No. 8 seeks an inspection of all of the Accused Product Source Code. Falkbuilt's response to Request for Production No. 8 was that it had already made such source code available for inspection. As the Court is aware from DIRTT's motion to compel on this subject, it is DIRTT's position that Falkbuilt did not make all such source code available for inspection.

in the meet and confer process. *Id.* Falkbuilt's continued refusals to meet and confer significantly delayed DIRTT's attempts to resolve these issues without the Court's assistance.

During the meet and confer on March 22, 2021, Falkbuilt stated that it would supplement its deficient Responses but would or could not specify which Responses it would supplement. Ex. G, Email from Bowland dated Mar. 23, 2021. Additionally, Falkbuilt would not provide a date by which it would supplement its deficient Responses, claiming that its discovery responses were not urgent because Falkbuilt had filed a Motion to Stay. Similarly, Falkbuilt refused to provide a date by which it would produce documents responsive to DIRTT's Discovery Requests to which Falkbuilt had not objected. *Id.* Although DIRTT attempted to go through the deficiencies noted in its March 2, 2021 letter individually, Falkbuilt was either unable or unwilling to do so. *Id.* Eventually, Falkbuilt took the position that it would not supplement its Responses or produce documents unless and until the Court denied its Motion to Stay. *Id.* During the meet and confer Falkbuilt did confirm, however, that it was not withholding discovery based on its objection to DIRTT's definition of "Accused Product." *Id.*

During the meet and confer on May 10, 2021, DIRTT again requested a date by which Falkbuilt would provide its promised supplemented discovery responses and discovery to address Falkbuilt's deficient Responses to DIRTT's Discovery Requests served on December 21, 2020. Falkbuilt refused to provide a date certain for such supplementation beyond the date for "close of fact discovery."

### B. Rule 26(f) Conference and Report

Falkbuilt requested a Rule 26(f) conference, proposed case schedule, and discovery plan from DIRTT on Dec. 2, 2020. Ex. H, Email from Gerasimow dated Dec. 2, 2020. DIRTT provided a draft Rule 26(f) Report and proposed case schedule on Dec. 8, 2020. Ex. H, Email from Bowland dated Dec. 8, 2020. The parties then set a Rule 26(f) Conference for Dec. 17, 2020. Ex. H, Email from Bowland dated Dec. 10, 2020. However, during that conference Falkbuilt objected to considering it a Rule 26(f) conference for the stated reason that Falkbuilt did not wish discovery

to commence and that the Court had not set a Rule 16(b) conference. Ex. H, Email from Bowland dated Dec. 17, 2020. Because Falkbuilt would not provide its own redlines, DIRTT provided a revised draft Rule 26(f) Report on Jan. 14, 2021 as one of Falkbuilt's conditions to participating in a Rule 26(f) conference. Eventually, the Rule 26(f) Conference occurred February 1, 2021. Ex. G, Email from Bowland dated Feb. 3, 2021. Falkbuilt again objected to the draft report but refused to provide redlines. DIRTT provided the revised draft Rule 26(f) Report on February 3, 2021. Ex. *Id*. As of the date of this filing, Falkbuilt has not provided a redlined or revised version of the Rule 26(f) Report.

The parties also held meet and confers regarding Falkbuilt's failure and/or refusal to continue the Rule 26(f) process by providing a revised or marked up version of the draft Rule 26(f) Report on March 22, 2021 and May 10, 2021. Ex. G. As noted above, Falkbuilt initially refused to participate in the meet and confer process before both meet and confers. *Id*. Falkbuilt's continued refusals to meet and confer significantly delayed DIRTT's attempts to finalize the Rule 26(f) process. During the meet and confers, Falkbuilt insisted that DIRTT make revisions to DIRTT's statements of its legal positions in the draft Rule 26(f) Report because they constituted "misstatements of fact." DIRTT pointed out that it was inappropriate to condition providing redlines to the draft Report on such a request. Falkbuilt insisted it would only provide redlines to the draft Rule 26(f) Report if DIRTT revised the positions with which Falkbuilt took issue. DIRTT refused to so because the demand was improper.

## III. THE COURT SHOULD COMPEL FALKBUILT TO SUPPLEMENT ITS DEFICIENT DISCOVERY RESPONSES AND PRODUCE THE DOCUMENTS IT AGREED TO PRODUCE

DIRTT is entitled to answers and responses to DIRTT's Discovery Requests because the discovery sought is relevant and proportional to its needs in the case.

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

> expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Moreover, it is improper for Falkbuilt to delay supplementing its deficient discovery responses until "the end of fact discovery"—it is required to make such disclosures in a timely manner.

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.

Fed. R. Civ. P. 26(e). Falkbuilt has had two months to consider and respond substantively to DIRTT's letter outlining Falkbuilt's Responses' numerous deficiencies. It has not done so. Falkbuilt is aware that its Responses are incomplete or inaccurate and that it has improperly withheld discovery DIRTT is entitled to pursuant to Rule 26. Moreover, Falkbuilt's abject refusal to properly answer DIRTT's Discovery Requests and produce documents has caused DIRTT severe prejudice by denying it documents directly relevant to the Accused Products, infringement, DIRTT's invalidity defenses, and damages. The Court should order Falkbuilt to fully respond to DIRTT's Discovery Requests, including producing documents, immediately.

### A. Falkbuilt's Incomplete Answers to Interrogatory Nos. 1, 2, 8, and 11.

Falkbuilt either failed to or refused to provide, based on dubious objections, complete Answers to Interrogatory Nos. 1, 2, 8, and 11. As discussed below, each Interrogatory seeks discoverable information under Rule 26 that is relevant to the claims and defenses of the parties. Falkbuilt, despite having ample opportunity to do so via correspondence or the parties' meet and confers, has not disputed or otherwise contested DIRTT's position that these Interrogatories seek discoverable information and that Falkbuilt must supplement them. The Court should order Falkbuilt to supplement its deficient Answers to these Interrogatories with complete answers.

**Interrogatory No. 1**

Interrogatory No. 1 requests information directly relevant to the Asserted Patents, *i.e.* the background, education, work experience, expertise, and other characteristics of a person or ordinary skill in the art. Ex. B at p. 3. This information is fundamental to issues of claim construction (which underlies infringement and validity issues) relevant to this case. Falkbuilt objected to this interrogatory as seeking "premature expert discovery." Ex. D at p. 5. This is incorrect and improper. The definition of a person of ordinary skill in the art is the not the exclusive provenance of expert witnesses, and the requested information is directly relevant to the claims and issues in this matter. A party cannot avoid providing timely discovery by claiming it will come from an expert later. If such were the case, then the deadlines in the Local Patent Rules calling for contentions as to infringement and validity could be easily sidestepped. The Court should order Falkbuilt to supplement its Response to Interrogatory No. 1 and substantively answer the Interrogatory.

**Interrogatory No. 2**

Interrogatory No. 2 requests information directly relevant to the Accused Products and infringement of the Asserted Patents by the Accused Products. The Interrogatory asks for detailed description of the design, research, development, testing, and operation of the Accused Products. Ex. B at p. 3. Falkbuilt objected to this Interrogatory by claiming that DIRTT has not identified the Accused Products with specificity. Ex. D at pp. 5-6. However, during the parties' meet and confer on March 22, 2021, counsel for Falkbuilt stated that Falkbuilt was not withholding discovery based on its objection to DIRTT's definition of "Accused Products." Ex. G, Email from Bowland dated Mar. 23, 2021. As discussed in Plaintiffs' Reply in Support of Their Motion to Compel and For Protective Order, DIRTT has sufficiently identified the Accused Products. Dkt. No. 57 at p. 3 (identifying Accused Product by name is sufficient to identify the Accused Products). The Court should order Falkbuilt to supplement its Response to Interrogatory No. 2 and provide the requested detailed description.

6

**Interrogatory No. 8**

Interrogatory No. 8 seeks information directly relevant to infringement and damages, an identification of each customer or prospective customer Falkbuilt has presented, used, or offered the Accused Products.  Ex. B at p. 4.  In other words, Interrogatory No. 8 seeks information regarding actual infringement.  Falkbuilt objected to this request on the basis that it was not relevant and unduly burdensome. Ex. D at p. 9.  Given that evidence of use or offer of an infringing product is undeniably relevant to a claim of patent infringement, Falkbuilt must provide a substantive response to this Interrogatory.  Notably, Falkbuilt has never specified the "undue burden" its objection references.  The Court should order Falkbuilt to supplement its Response to Interrogatory No. 8 and substantively answer the Interrogatory.

**Interrogatory No. 11**

Interrogatory No. 11 seeks information regarding an identification of the owners of Falkbuilt, an inquiry directly relevant to DIRTT's assertion of assignor estoppel in the above captioned matter. Ex. B at p. 4.  Falkbuilt has objected solely on the basis of relevance and "undue burden."  Ex. D at pp. 10-11.  Given that the information is relevant to one of DIRTT's defenses to Falkbuilt's invalidity claims (DIRTT argues that a company founded by an inventor is estopped from challenging the underlying patent under the doctrine of assignor estoppel), and that it would not be burdensome for Falkbuilt to determine who owns Falkbuilt, the Court should order Falkbuilt to supplement its Response to Interrogatory No. 11 and substantively answer the Interrogatory.

**B.      Falkbuilt's Improper Objections to Producing Documents Responsive to Request for Production Nos. 2, 8, 11, 22, 24, 31, and 32.**

Falkbuilt improperly objected to producing documents responsive to Request for Production Nos. 2, 8, 11, 22, 24, 31, and 32. As discussed below, each Request for Production seeks discoverable information under Rule 26 that is relevant to the claims and defenses of the parties.   Falkbuilt has not disputed or otherwise contested DIRTT's position that these Interrogatories seek discoverable information and that Falkbuilt must supplement them. The Court

should order Falkbuilt to supplement its deficient Responses to these Requests for Production and produce responsive documents.

**Request for Production No. 2**

Request No. 2 seeks all documents and things in referring, relating, discussing, or otherwise concerning DIRTT. Ex. A at p. 4. This information is relevant to the above-captioned matter because it is relevant to DIRTT's claims of patent infringement in this matter, particularly with respect to Falkbuilt's knowledge of DIRTT's business and the ICE system. Moreover, this Request is relevant to DIRTT's infringement claim because it may provide information regarding Falkbuilt's knowledge of the Asserted Patents in this matter. The Court should order Falkbuilt to amend its Response to Request for Production No. 2 and produce non-privileged documents in its care, custody, or control responsive to this request.

**Request for Production No. 8**

Request No. 8 seeks all source code for the Accused Products. Ex. A at p. 5. As the Court is aware from DIRTT's motion to compel on this subject, Falkbuilt did not make all such source code available for inspection. The Court should order Falkbuilt to supplement its source code production and make all source code for the Echo Dome system available for inspection.

**Request for Production No. 11**

Request No. 11 seeks communications with customers and potential customers regarding the Accused Products. Ex. A at p. 5. This information is directly relevant to DIRTT's infringement claims in this matter, as it is likely to show the use, sale, or offer for sale of the Accused Products. The Court should order Falkbuilt to amend its Response to Request for Production No. 11 and produce non-privileged documents in its care, custody, or control responsive to this request.

**Request for Production No. 22**

Request No. 22 seeks documents and thing referring or relating to advantages, disadvantages, features or characteristics of the Accused Productions. Ex. A at p. 7. This information is directly relevant to DIRTT's infringement claims, as it seeks information regarding the Echo Dome system, the product accused of infringing DIRTT's patents in this lawsuit. The

Court should order Falkbuilt to amend its Response to Request No. 22 and produce non-privileged documents in its care, custody, or control responsive to this Request.

**Request for Production No. 24**

Request No. 24 seeks documents sufficient to identify all customers or prospective customers to whom Defendant has presented the Accused Products. Ex. A at p. 7. This information is directly relevant to DIRTT's infringement claims, as it seeks information regarding, *inter alia*, the use of the Echo Dome system, the Accused Product in this lawsuit. The Court should order Falkbuilt to amend its Response to Request No. 24 and produce non-privileged documents in its care, custody, or control responsive to this Request.

**Request for Production No. 31**

Request for Production No. 31 seeks contracts or agreements between Falkbuilt and any persons specifically identified in the parties' Initial Disclosures. Ex. A at p. 8. This information is relevant to the claims and defenses of the parties in the above-captioned matter because the individuals identified in the parties' Initial Disclosures have, by definition, information relevant to the claims and defenses of the parties, and contracts or agreements between them and Falkbuilt may provide information regarding, *inter alia*, the development of the Accused Products and ownership of Falkbuilt. Additionally, these individuals are likely to be deposed in this matter and contracts or agreements between them and Falkbuilt may provide evidence of bias toward or against Falkbuilt. The Court should order Falkbuilt to amend its Response to Request No. 31 and produce non-privileged documents in its care, custody, or control responsive to this Request.

**Request for Production No. 32**

Request for Production No. 32 seeks documents reflecting correspondence or communications with third parties regarding DIRTT, the Asserted Patents, the Accused Products, and litigation or other legal proceedings involving the Asserted Patents. Ex. A at pp. 8-9. This information is directly relevant to DIRTT's infringement claims because it provides information regarding the Asserted Patents and the Accused Products. The Court should order Falkbuilt to

amend its Response to Request No. 32 and produce non-privileged documents in its care, custody, or control responsive to this Request.

### C.   Falkbuilt's Improper Delay in Producing Documents Responsive to Request Nos. 6, 7, 9, 14, 15, 16, 21, and 23

Although Falkbuilt agreed to produce documents responsive to Document Request Nos. 6, 7, 9, 14, 15, 16, 21, and 23, to date Falkbuilt has produced no additional documents. Ex. C at pp. 9-11, 12-13, 17-18, 21-23; Ex. F. In other words, Falkbuilt has not produced one document in response to DIRTT's Discovery Requests. Moreover, as discussed above, Falkbuilt refuses to provide any date by which these documents will be produced beyond "the close of fact discovery." Falkbuilt has provided no justification for failing to timely produce documents responsive to DIRTT's Discovery Requests. The Court should order Falkbuilt to produce any documents responsive to Document Request Nos. 6, 7, 9, 14, 15, 16, 21, and 23 in Falkbuilt's care, custody, or control immediately.

## IV.   DIRTT'S MOTION FOR ENTRY OF A RULE 26(F) REPORT AND CASE SCHEDULE

As discussed above, although DIRTT has provided three draft Rule 26(f) Reports, Falkbuilt has refused to provide any redlines to those drafts or provide drafts of Falkbuilt's positions to be submitted as part of the Rule 26(f) Report. Instead, Falkbuilt is insisting that DIRTT amend DIRTT's legal positions (because they are allegedly "misstatements of fact") before Falkbuilt will work on the Rule 26(f) Report at all. Ex. E; Ex. G. In other words, Falkbuilt is holding the entire Rule 26(f) process hostage in an attempt to force DIRTT to alter its legal positions. This is improper and contrary to the spirit of the Rule 26(f) process. If the parties have competing legal positions (and they do), those positions should be outlined separately in the Rule 26(f) Report. One party should not derail the entire process due to such disagreements. Moreover, it is unclear why Falkbuilt would not redline any provisions that it finds objectionable or (as is common in preparing Rule 26(f) reports) provide a competing contention. Indeed, DIRTT has suggested more

than once that Falkbuilt do just that. Ex. G, Emails from Bowland dated Apr. 26, 2021 and May 4, 2021.

A review of Falkbuilt's alleged "misstatements of fact" in the draft Rule 26(f) Report, which during the parties' last meet and confer Falkbuilt identified on page 7 of its Reply to its Motion to Stay (Dkt. No. 66), shows just how untenable Falkbuilt's position is.

First, Falkbuilt takes issue with DIRTT's own description of the case it brought. Dkt. No. 66 at p. 7. DIRTT has alleged that Falkbuilt infringes claims 1-7, 10-16, and 19-20 of the '814 patent and claims 1, 4, 5, 8-12, 15 and 16 of the '284 patent. As is common in patent cases, DIRTT first identified exemplary claims in its complaint, then provided contentions as to dependent claims in the contention process. Falkbuilt has answered and responded stating that it does not believe it infringes those claims. A Rule 26(f) report is not the appropriate vector to resolve whether in fact the claims are infringed, or even to provide any separate scheduling concerns for one claim versus another.

Falkbuilt also claims that the statement that DIRTT alleges that the Accused Products infringe the Asserted Patents under 35 U.S.C. § 271(f) is a misstatement of fact. Dkt. No. 66 at p. 7. But DIRTT does so allege, even if Falkbuilt again thinks DIRTT is wrong or has no right to so allege. This is not a misstatement of fact—rather it is a legal disagreement between the parties, and one where again holding up a Rule 26(f) report is not the appropriate method to resolve the disagreement. Falkbuilt can provide a counter-position that DIRTT is wrong, but it is not proper for Falkbuilt to attempt to force DIRTT to change a legal position by stonewalling the Rule 26(f) process.

Finally, Falkbuilt also claims that Plaintiff's Statement that DIRTT has not been permitted access to the Accused Product's source code is a misstatement of fact. Dkt. No. 66 at p. 7. Again, this is a disagreement between the parties and their positions, not a misstatement of fact. As both the Court and Falkbuilt know, it is DIRTT's position that it has not been granted reasonable access to the entire source code for the Accused Products. Indeed, DIRTT has filed a Motion to Compel on this very topic. Dkt. Nos. 47, 48. By refusing to continue the Rule 26(f) process unless DIRTT

amends its statement regarding source code, Falkbuilt is attempting to avoid producing all of the source code for the Accused Product. This is improper, and certainly does not comport with the spirit of the Rule 26(f) planning process. Once again, if Falkbuilt disagrees about DIRTT's position with respect to production and inspection of the source code, it can provide its position in the Rule 26(f) Report.

As discussed above, Falkbuilt's refusal to continue with the Rule 26(f) process (despite having a draft Rule 26(f) Report in its possession for over three months now), is improper. Moreover, it is just one more in a long line of obvious delay tactics employed by Falkbuilt to disrupt the timely resolution of this matter. Indeed, Falkbuilt's refusal to provide discovery, along with its refusal to participate in the Rule 26(f) process, has effectively ground this case to a standstill.

Falkbuilt has refused do virtually anything with respect to this litigation, including participating in meet and confers absent DIRTT's threats to seek the Court's assistance. Based on Falkbuilt's conduct thus far, DIRTT does not believe it intends to actually participate in the Rule 26(f) process. Thus, DIRTT respectfully submits its Rule 26(f) Report and proposed Case Schedule, attached hereto as Ex. I, and requests that the Court enter a Scheduling Order consistent with that document. In the alternative, DIRTT respectfully requests the Court order Falkbuilt to participate in the Rule 26(f) process and set a deadline for the parties to submit a Rule 26(f) Report and proposed case schedule.

## V. CONCLUSION

For the foregoing reasons, DIRTT respectfully requests that the Court (1) compel Falkbuilt to fully respond to DIRTT's Discovery Requests and (2) enter DIRTT's proposed Scheduling Order.

Dated: May 14, 2021                              Respectfully Submitted,

                                                 By: /s/Rubén Castillo

*Attorneys for Plaintiffs*

Rubén Castillo
Timothy K. Sendek
Robyn M. Bowland
Akerman LLP
71 S. Wacker Drive, 47th Floor
(312) 634-5700
ruben.castillo@akerman.com
tim.sendek@akerman.com
robyn.bowland@akerman.com